**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LUIS E. ANGUEIRA, | |
|     Plaintiff, | |
|        v. | CIV. NO. 04-1795 (PG) |
| SCOTIABANK OF PUERTO RICO, | |
|     Defendant. | |

**ORDER**

This case is related to a claim filed by plaintiff Luis E. Angueira ("Angueira") before the local office of the Wage and Hour Division of the Department of Labor ("DOL"), Case No. 2003-137-00291 against defendant Scotiabank of Puerto Rico ("Scotiabank"). Throughout the present litigation, Scotiabank has stated that it will not dispute the ruling made by the Wage and Hour Division of the DOL that declared that Mr. Anqueira's position in Scotiabank was not exempt from the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 210 et seq. Accordingly, on or about December 19, 2003 Scotiabank forwarded a check to the Wage and Hour Division in the amount of $613.23 to cover the deficiencies in the payment of overtime that were discovered in the course of the investigation conducted by Ms. Jo-Ann Gregory, an employee of the DOL. However, Angueira refused to accept the payment. (See Docket No. 18, Exhibit 1.) This prompted Scotiabank to file a Motion to Deposit Funds pursuant to Federal Rule of Civil Procedure 67. (Docket No. 18.) Scotiabank enclosed an official check payable to the Clerk of the Court in the amount of $613.23 along with a proposed order for the deposit of such funds on an interest bearing account[1].

On September 19, 2005, Scotiabank filed another motion for leave to deposit funds in the amount of $3,619.762, which covered the balance of the monies owed to plaintiff according to the computations made by the federal Wage and Hour investigator in charge of the administrative phase of Angueira's

---

[1] See Docket No. 19.

Civ. No. 04-1795(PG)                                                    Page 2

claim. (Docket No. 49.) Scotiabank enclosed an official check payable to the Clerk of the Court in the amount of $3,619.76 along with a proposed order for the deposit of such funds on an interest bearing account[2]. (Id.) The following day, Scotiabank deposited with the Court the amount fo $3,619.76.

On September 21, 2005, the Court held a Pre-Trial Conference in chambers. The Court was advised as to the status of the case and reviewed the Joint Proposed Pretrial Order filed by the parties. The parties informed that Scotiabank had deposited with the Clerk of Court the monies owed to plaintiff according to the computations made by the Wage & Hours Division of the DOL. Plaintiff's stated, however, that in addition he was entitled to double penalty compensation. The Court inquired whether Scotiabank was willing to voluntarily pay Plaintiff the liquidated damages contemplated by section 16 (b) of FLSA, 29 U.S.C.A. § 216 (b), due to its failure to timely pay overtime. Counsel for Scotiabank stated he would confer with his client and would inform the Court. (See Docket No. 59.)

On September 28, 2005, in response to the Court's inquiry, counsel for Scotiabank informed that they had contacted Scotiabank's management to investigate whether it was amenable to pay plaintiff liquidated damages on his overtime claim pursuant to section 16 (b) of FLSA.  He informed that Scotiabank would voluntarily pay plaintiff the liquidated damages pursuant to the statute and would deposit with the Court within the next ten (10) the amount of $4,780.28 which corresponded to the net amount of liquidated damages minus a 7% withholding for income tax purposes, as required by Administrative Determination Number 98-1 of the Secretary of the Treasury of the Commonwealth of Puerto Rico, dated July 1, 1998. (Docket No. 61[3].) Accordingly, on October 6, 2005, Scotiabank filed a Third Motion to Deposit Funds and enclosed an official check payable to the Clerk of the Court in the amount of $4,780.28 along with a proposed order for the deposit of such funds on an interest

---

[2] See Docket No. 60.

[3] See Docket No. 62.

Civ. No. 04-1795(PG)                                                    Page 3

bearing account. (Docket No. 64.) The funds were deposited on that same day[4].

     Angueira filed this suit to recover unpaid compensation and an equal amount of liquidated damages pursuant to the FLSA.  Plaintiff also brought several claims under Puerto Rico law. (Docket No. 1.) The only federal law claim averred in the complaint is the FLSA claim.  Scotiabank's payment to Angueira of the amounts owed in accordance with the DOL's findings extinguished the FLSA claim. Hence, plaintiff's federal claim should be dismissed. Having dismissed the federal claim against defendant, the Court declines to exercise supplemental jurisdiction over plaintiff's supplemental jurisdiction claims. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)("Certainly, if the federal claims are dismissed before trial, . . ., the state claims should be dismissed as well. Accordingly, the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation"); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995).

     Accordingly, judgment shall be entered dismissing plaintiff's federal claim with prejudice and the supplemental law claims without prejudice.  The trial date set for December 5, 2005 is hereby vacated.  Plaintiff shall file within ten (10) days of this order a motion to withdraw the funds deposited with the Court.

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, November 16, 2005.

                                                          S/JUAN M. PEREZ-GIMENEZ
                                                          U. S. DISTRICT JUDGE

---

[4] See Docket Nos. 65 & 66.